United States District Court
Southern District of Texas

**ENTERED**

May 26, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN ISMAEL SANCHEZ, | § | |
| TDCJ #2094128, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-21-2542 |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Juan Ismael Sanchez has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a theft conviction that was entered against him in Harris County, Texas, under 28 U.S.C. § 2254. He has also filed a Memorandum in Support ("Petitioner's Memorandum") (Docket Entry No. 2). Now pending is Respondent [Bobby] Lumpkin's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 14). Sanchez has replied with Petitioner's Traverse (Docket Entry No. 16). After considering all of the pleadings, the state court record, and the applicable law, the court will grant Respondent's MSJ and dismiss this action for the reasons explained below.

## I. Background

A local grand jury returned an indictment against Sanchez in Harris County Cause No. 1465625, charging him with theft of

property having a "value of over one thousand five hundred dollars and under twenty thousand dollars," namely a motor vehicle owned by Laura Loera.[1]   The indictment was enhanced for purposes of punishment with allegations that Sanchez was a habitual offender with at least two prior felony convictions.[2]

At a jury trial in the 180th District Court of Harris County, Texas, Ms. Loera testified that she saw Sanchez, who she recognized as a neighbor, drive off in her 2000 Volkswagen Beetle without her permission.[3]   Loera's husband also witnessed the theft, explaining during his testimony that he started the car intending to drive it to work that day and left it running when he returned to the house to retrieve his cell phone.[4]   Ms. Loera testified that she paid $3,500 for the vehicle, which was never recovered.[5]   Harris County Sheriff's Deputy Kenneth Reed investigated the offense and testified that the vehicle's worth was over $1,500 based on its Kelley Blue Book value.[6]   In addition, two of Loera's neighbors testified that they saw Sanchez outside of her home on the morning

---

[1] See Indictment, Docket Entry No. 15-28, p. 111.  For purposes of identification all page numbers refer to the pagination imprinted by the court's Electronic Case Filing ("ECF") system.

[2] Id. (listing a 2006 conviction for burglary of a habitation in Harris County Cause No. 1071937 and a 2011 conviction for indecency with a child in Harris County Cause No. 1247147).

[3] Court Reporter's Record—Trial on Merits, vol. 3, Docket Entry No. 15-16, pp. 56-62.

[4] Id. at 53-54.

[5] Id. at 59, 61-62.

[6] Id. at 16.

of the offense.[7]  Although both neighbors acknowledged that Sanchez had a brother named Omar, they testified that they were sure the individual they saw was Sanchez and not his brother.[8] The State then presented records confirming that Omar Sanchez was in jail when Ms. Loera's vehicle was stolen and could not have committed the offense.[9]

The jury deliberated for less than 20 minutes before finding Sanchez guilty of theft as charged in the indictment.[10]  After Sanchez stipulated that the felony convictions listed in the indictment's enhancement paragraphs were "true" and that he had several other prior convictions,[11] the trial court sentenced him to 12 years' imprisonment in the Texas Department of Criminal Justice.[12]

---

[7]Id. at 26-28, 34.

[8]Id. at 26-28, 34-35.

[9]Id. at 38 (admitting State's Exhibit 6).  There are two exhibits that were admitted as State's Exhibit 6.  The jail record is found in the second one.  See State's Exhibit 6, Jail Record from the Harris County Sheriff's Department and Business Records Affidavit, Court Reporter's Record—Exhibits, vol. 5, Docket Entry No. 15-18, pp. 18-20.

[10]See Court Reporter's Record—Trial on Merits, vol. 3, Docket Entry No. 15-16, p. 75; see also Harris County Criminal Docket Sheet, Docket Entry No. 15-28, p. 115 (reflecting that the jury was excused to deliberate at 12:15 p.m. and was seated in the courtroom twenty minutes later at 12:35 p.m. to return their guilty verdict).

[11]Court Reporter's Record—Punishment Phase, vol. 4, Docket Entry No. 15-17, pp. 6-7.

[12]Id. at 16-17; Judgment of Conviction by Jury, Docket Entry No. 15-28, pp. 117-18.

On direct appeal Sanchez argued that the State failed to present sufficient evidence to prove all of the elements of the charged theft offense beyond a reasonable doubt by establishing that the stolen vehicle had a value of over $1,500.[13] The intermediate court of appeals rejected this argument and affirmed the conviction after concluding that the State's proof was sufficient to permit a rational juror to find that the vehicle had a fair market value of "$1,500 or more but less than $20,000" when Sanchez stole it. See Sanchez v. State, 521 S.W.3d 817, 822 (Tex. App. — Houston [1st Dist.] 2017, pet. ref'd).[14]

Sanchez challenged his conviction further by filing an Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("State Habeas Application"), alleging that he was denied effective assistance of counsel and due process.[15] The trial court adopted findings of fact and conclusions of law proposed by the State and recommended that relief be denied without holding a hearing.[16] The Texas Court of Criminal Appeals denied relief

---

[13]Brief for Appellant, Docket Entry No. 15-7, p. 7.

[14]Opinion, Docket Entry No. 15-3, pp. 7-9.

[15]State Habeas Application, Docket Entry No. 15-28, pp. 10-19.

[16]State's Proposed Findings of Fact, Conclusions of Law and Order ("Findings and Conclusions"), Docket Entry No. 15-27, pp. 7-18.

-4-

without a written order based on the trial court's findings and its own independent review of the record.[17]

Sanchez now seeks federal habeas corpus relief from his theft conviction under 28 U.S.C. § 2254. He raises the following claims for relief, which have been reordered for purposes of analysis:

(1) He was denied effective assistance of counsel when his trial attorney failed to do the following:

    (a) deliver an opening statement;

    (b) object to the jail record showing that his brother Omar was in custody when the theft occurred;

    (c) object when the State engaged in prosecutorial misconduct by bolstering a witness during closing argument;

    (d) conduct an adequate investigation before advising him to plead true to the enhancement allegations.

(2) He was denied effective assistance of counsel when his appellate attorney failed to raise the following issues:

    (a) sufficiency of the evidence regarding the stolen vehicle's value;

    (b) prosecutorial misconduct for the State's improper bolstering of a witness during closing argument; and

    (c) ineffective assistance of trial counsel for (i) failing to deliver an opening statement; and (ii) advising him to plead true to the enhancement allegations.[18]

---

[17]Action Taken on Writ No. 90,463-01, Docket Entry No. 15-19.

[18]Petition, Docket Entry No. 1, pp. 6-7; Petitioner's Memorandum, Docket Entry No. 2, pp. 1-6. All of the petitioner's (continued...)

-5-

Noting that these claims were among those that were summarily denied by the Texas Court of Criminal Appeals, the respondent moves for summary judgment on the grounds that Sanchez fails to show that he is entitled to relief under the federal habeas corpus standard of review.[19]

## II.  **Standard of Review**

When the Texas Court of Criminal Appeals has denied a state habeas application without a written order, as it has in this case, that decision qualifies as an adjudication on the merits, which is subject to deference under the federal habeas corpus standard of review established by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), 28 U.S.C. § 2254(d). See Anaya v. Lumpkin, 976 F.3d 545, 550 (5th Cir. 2020); see also Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim.").[20]  Under the AEDPA standard a federal habeas corpus court may not grant relief unless the state court's

---

[18] (...continued)
pleadings have been liberally construed under a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam).

[19] Respondent's MSJ, Docket Entry No. 14, pp. 6-19.

[20] The Texas Court of Criminal Appeals has clarified that "a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits." Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Likewise, if a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

The highly deferential legal standard found in § 2254(d) "imposes important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." Shoop v. Hill, 139 S. Ct. 504, 506 (2019). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations and internal quotation marks omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in

-7-

federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

### III.  Discussion

### A.  Ineffective Assistance of Trial Counsel

Sanchez contends that he is entitled to relief from his theft conviction because he was denied effective assistance of counsel at his trial.[21]   Claims for ineffective assistance of counsel are governed by the standard announced in Strickland v. Washington, 104 S. Ct. 2052 (1984).   To prevail under the Strickland standard a criminal defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance resulted in prejudice.   Id. at 2064.   "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a  breakdown in the adversary process that renders the result unreliable."   Id.

To satisfy the deficient-performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."   Strickland, 104 S. Ct. at 2064.   This is a "highly deferential" inquiry that requires "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   Id. at 2065.   "It is only

---

[21]Petition, Docket Entry No. 1, pp. 6-7.

when the lawyer's errors were so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment that <u>Strickland's</u> first prong is satisfied." <u>Buck v. Davis,</u> 137 S. Ct. 759, 775 (2017) (citation and internal quotation marks omitted).

To satisfy the prejudice prong "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland,</u> 104 S. Ct. at 2068.  A habeas petitioner must "affirmatively prove prejudice." <u>Id.</u> at 2067.  A petitioner cannot satisfy the second prong of <u>Strickland</u> with mere speculation and conjecture. <u>See Bradford v. Whitley,</u> 953 F.2d 1008, 1012 (5th Cir. 1992).  Conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice. <u>See Day v. Quarterman,</u> 566 F.3d 527, 540-41 (5th Cir. 2009).

Where an ineffective-assistance claim was rejected on the merits in state court, the Supreme Court has clarified that the issue on federal habeas review is not whether "'the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" <u>Knowles v. Mirzayance,</u> 129 S. Ct. 1411, 1420 (2009) (citation omitted).  When applied in tandem with the highly deferential standard found in 28 U.S.C. § 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas corpus review. <u>Id.</u> at 1413; <u>see also Richter,</u> 131 S. Ct. at 788

-9-

(emphasizing that the standards created by Strickland and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted); Beatty v. Stephens, 759 F.3d 455, 463 (5th Cir. 2014) (same).

## 1. Failure to Deliver an Opening Statement

Sanchez contends that his trial counsel was deficient for failing to deliver an opening statement.[22] The record confirms that Sanchez's counsel waived an opening statement and allowed the State to proceed with its case-in-chief without giving the jury an overview about the defense he intended to present.[23] In his affidavit to the state habeas corpus court, defense counsel explained that as a matter of trial strategy he "never" gave an opening statement unless he believed it would be beneficial to the defense.[24] Noting that an opening statement outlines to the jury what the defense expects to prove, he explained further that making one is not always beneficial because prosecutors can use these statements "to their advantage" during closing argument.[25]

The state habeas corpus court found that defense counsel's affidavit was "credible" and that his strategic decision to waive

---

[22]Petition, Docket Entry No. 1, p. 7; Petitioner's Memorandum, Docket Entry No. 2, p. 4.

[23]Court Reporter's Record—Trial on Merits, vol. 3, Docket Entry No. 15-16, p. 10 lines 14-18.

[24]Affidavit of Andrew D. Martin ("Martin Affidavit"), Docket Entry No. 15-28, p. 80.

[25]Id.

an opening statement was "reasonable," noting further that opening statements are discretionary under Texas law.[26] A defense counsel's decision about whether to make an opening statement is a matter of trial strategy that is entitled to deference. See, e.g., Gilliard v. Scroggy, 847 F.2d 1141, 1147 (5th Cir. 1988) (holding that defense counsel's decision not to make an opening statement in a death penalty case was "the essence of a strategic choice"). "[A] conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Pape v. Thaler, 645 F.3d 281, 291 (5th Cir. 2011) (citation and internal quotation marks omitted). Given the overwhelming character of the evidence against him, Sanchez does not demonstrate that defense counsel's strategic choice was deficient or that he was prejudiced in any way by the decision to forego an opening statement. Therefore, he does not show that the state court's decision to reject this claim was unreasonable; and he is not entitled to relief on this issue.

## 2. Failure to Object to the Admission of a Jail Record

Sanchez contends that his trial counsel was deficient for failing to object when the State presented an administrative record showing that his brother Omar was in jail when the theft occurred,

---

[26]Findings and Conclusions, Docket Entry No. 15-27, pp. 13, 16 (citing Tex. Code Crim. Proc. Ann. art. 36.01(b) (opening statements are discretionary)).

ruling his brother out as a suspect.[27] Sanchez argues that the jail record was improperly admitted through a witness who did not sign or prepare it.[28] Sanchez argues further that admission of the record violated his rights under the Confrontation Clause because it only proved that someone with the same name as his brother was in custody at the time the offense was committed.[29]

According to the trial transcript, the State introduced the jail record into evidence after two of the victim's neighbors testified that they were sure they saw Sanchez and not his brother Omar near the victim's home on the morning of the theft.[30] A neighbor named Ernest Mendeola testified that he encountered Sanchez that morning and that Sanchez repeatedly asked for a ride to his girlfriend's house.[31] Mendeola identified Sanchez as the person he saw because, although Sanchez and his brother Omar looked "a lot alike," Omar did not have a tattoo underneath his left eye like Sanchez did.[32] Another neighbor, Mercedes Martinez, also identified Sanchez as the person she saw standing next to

---

[27]Petition, Docket Entry No. 1, p. 6; Petitioner's Memorandum, Docket Entry No. 2, pp. 1-3.

[28]Petitioner's Memorandum, Docket Entry No. 2, pp. 1-2.

[29]Id. at 2.

[30]Court Reporter's Record—Trial on Merits, vol. 3, Docket Entry No. 15-16, p. 38.

[31]Id. at 25.

[32]Id. at 26-27.

-12-

Ms. Loera's car, pulling on the door handles.[33]  Martinez testified
that she knew it was Sanchez and not his brother Omar because she
had known Sanchez for many years, adding that she believed Omar was
in jail at the time.[34]  After Martinez repeated that she was sure
the suspect was Sanchez and not Omar, the State submitted a jail
record along with a business records affidavit, which the trial
court admitted without objection from defense counsel.[35]  Once the
jail record was admitted, the prosecutor asked Martinez to review
it and confirm that Omar Sanchez was in custody on the day of the
offense and that he had the same home address as the defendant.[36]

The Confrontation Clause found in the Sixth Amendment provides
that "[i]n all criminal prosecutions, the accused shall enjoy the
right . . . to be confronted with the witnesses against him."[37]  The
Confrontation Clause bars the "admission of testimonial statements
of a witness who did not appear at trial unless he was unavailable
to testify, and the defendant had had a prior opportunity for
cross-examination." Crawford v. Washington, 124 S. Ct. 1354, 1365
(2004).  Specifically, the Confrontation Clause bars the admission
of "testimonial hearsay[.]" Davis v. Washington, 126 S. Ct. 2266,
2274 (2006).

---

[33]Id. at 33.

[34]Id. at 34.

[35]Id. at 38 (admitting State's Exhibit 6).

[36]Id. at 39.

[37]U.S. Const. Amend VI.

The state habeas court found that Sanchez's trial counsel was not deficient for failing to object because "the jail record was admissible and did not violate the Confrontation Clause."[38]   In doing so, the state habeas corpus court relied on Ford, 179 S.W.3d 203, which held that jail records were admissible as proof of incarceration for an offense under the "public records exception" to the rule prohibiting hearsay and as "records made in the regular course of business." Id. at 209.   The Supreme Court has since clarified that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial." Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2539-40 (2009).

The jail record introduced as evidence in Sanchez's case was created by Harris County Jail administration to document the fact that Omar Sanchez was in custody following his arrest for an offense.[39]   Because the jail record was not a document created in preparation for Sanchez's trial, Sanchez does not establish that

---

[38]Findings and Conclusions, Docket Entry No. 15-27, p. 15 ¶ 4 (citing Ford v. State, 179 S.W.3d 203 (Tex. App. — Houston [14th Dist.] 2005, pet ref'd) (citation omitted)).

[39]See State's Exhibit 6, Jail Record from the Harris County Sheriff's Department and Business Records Affidavit, Court Reporter's Record—Exhibits, vol. 5, Docket Entry No. 15-18, pp. 18-20.

the record was testimonial or inadmissible as a violation of the Confrontation Clause. See Melendez-Diaz, 129 S. Ct. 2539-40. He does not otherwise show that his counsel had, but failed to make a valid objection. See Clark v. Thaler, 673 F.3d 410, 429-30 (5th Cir. 2012) ("[F]ailure to assert a meritless objection cannot be grounds for finding deficient performance."). Therefore, Sanchez does not show that the state court's decision was contrary to or an unreasonable application of Supreme Court precedent; and he is not entitled to relief on this claim.

### 3.   Failure to Object During Closing Argument

Sanchez contends that his counsel was deficient for failing to object to prosecutorial misconduct during closing argument when the State "improperly bolster[ed]" the testimony given by Mercedes Martinez regarding Sanchez's identification as the perpetrator.[40] Sanchez, who claims that Martinez was not sure of her identification of him, specifically takes issue with a comment that the prosecutor made about the fact that he had a tattoo under his eye, which he contends was unsupported by the record and improperly made to bolster Martinez's credibility.[41]

During his argument at the close of the guilt/innocence phase of the trial defense counsel attempted to cast doubt on the

---

[40]Petition, Docket Entry No. 1, p. 6; Petitioner's Memorandum, Docket Entry No. 2, p. 3.

[41]Petitioner's Memorandum, Docket Entry No. 2, p. 3.

evidence against Sanchez, arguing that the police failed to conduct a complete investigation by seeking other suspects even though there were other Hispanic males living on the same street.[42] Defense counsel argued further that discrepancies in the witnesses' testimony called into question the certainty of their identification of Sanchez as the perpetrator.[43] In response to the attack on their credibility, the prosecutor argued that Sanchez was no stranger to the witnesses, who testified that they were neighbors and that Sanchez was well known to them.[44] She mentioned testimony given by Mendeola, who stated that Sanchez had a tattoo under his eye but that Omar did not, and testimony from Martinez, who stated that she had known Sanchez for years.[45] After summarizing the testimony identifying Sanchez and the jail record showing that his brother Omar was in custody when the theft occurred, the prosecutor commented that there was "no way" Sanchez's brother committed the theft.[46]

"Traditionally, bolstering objections have addressed attempts to reinforce a witness' testimony by referring to matters that have not been placed before the jury." Mitchell v. State, 636 S.W.2d

---

[42]Court Reporter's Record—Trial on Merits, vol. 3, Docket Entry No. 15-16, pp. 66-69.

[43]Id.

[44]Id. at 72.

[45]Id.

[46]Id.

-16-

543, 546 (Tex. App. — San Antonio 1982, no pet.) (citations omitted). Otherwise, Texas law defines permissible jury argument to include the following: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from that evidence; (3) responses to opposing counsel's argument; and (4) pleas for law enforcement. See Freeman v. State, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011) (citing Brown v. State, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008)).

The state habeas court found that the prosecutor's argument was supported by the witnesses' testimony.[47] The state habeas corpus court concluded further that defense counsel was not deficient for failing to object because the prosecutor's comments "were not objectionable, were supported by the evidence[,] and constitute[d] a reasonable deduction from the evidence."[48] The state habeas corpus court's findings are supported by the trial record, which confirms that Mendeola testified about the tattoo under Sanchez's left eye and that both Mendeola and Martinez were sure that it was Sanchez they saw on the morning of the offense because they had known him for years.[49] Sanchez does not show that

---

[47]Findings and Conclusions, Docket Entry No. 15-27, p. 11 ¶ 33.

[48]Id. at 15 ¶ 5.

[49]Court Reporter's Record—Trial on Merits, vol. 3, Docket Entry No. 15-16, pp. 24, 26, 28, 32-35. The record also contains a photograph of Sanchez that confirms he had a tattoo under his left eye, just as Mendeola described. See Photograph of Juan Ismael Sanchez dated February 16, 2011, taken by the Texas Department of Criminal Justice Correctional Institutions Division, Docket Entry No. 15-18, p. 13.

the prosecutor engaged in misconduct by improperly injecting facts not in evidence or impermissibly bolstering a witness during her closing argument. Absent a showing that his counsel had a valid basis to object, Sanchez does not demonstrate that the state court's conclusion was unreasonable; and he is not entitled to relief on this claim.

### 4.   Failure to Properly Advise During Punishment

As noted above, the indictment charging Sanchez with theft was enhanced for purposes of increasing his range of punishment with allegations that Sanchez had two prior felony convictions.[50] Specifically, the indictment alleged that Sanchez had a 2006 conviction for burglary of a habitation in Harris County Cause No. 1071937 and a 2011 conviction for indecency with a child in Harris County Cause No. 1247147.[51] Sanchez contends that his trial counsel was deficient for failing to properly advise him about the consequences of pleading true or stipulating to the sentence enhancements alleged in the indictment, which relieved the State of its burden of proof.[52] Noting that his counsel failed to investigate whether the enhancements were valid, Sanchez argues

---

[50]Indictment, Docket Entry No. 15-28, p. 111.

[51]Id.

[52]Petition, Docket Entry No. 1, p. 7; Petitioner's Memorandum, Docket Entry No. 2, pp. 4-5.

that his counsel's advice was deficient because "the enhancements could have been wrong[.]"[53]

A petitioner challenging his defense counsel's advice about pleading true to enhancement paragraphs must show that his counsel's advice was erroneous and demonstrate a reasonable probability that he would not have admitted his prior convictions, but for the deficient advice.  See, e.g., Joseph v. Butler, 838 F.2d 786, 791 (5th Cir. 1988).  To the extent that Sanchez contends that his counsel failed to adequately investigate the enhancement allegations before advising him to plead true, a petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his proceeding.  See Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2005) (citing United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)). Sanchez falls far short of meeting this burden.

In his affidavit to the state habeas corpus court Sanchez's defense counsel explained that he reviewed the indictment with Sanchez, who acknowledged that he had been convicted of both enhancement offenses and that the dates of conviction were accurate.[54]  Counsel also explained to Sanchez that he could either stipulate that the enhancement paragraphs were true or the State

---

[53]Petitioner's Memorandum, Docket Entry No. 2, p. 5.

[54]Martin Affidavit, Docket Entry No. 15-28, p. 80.

-19-

would prove that they were true by having a certified fingerprint examiner compare his fingerprints with those found on the "Judgments and Pen Packets" for the enhancement offenses, referring to records from the state penitentiary establishing that the defendant had been incarcerated for those offenses.[55] According to defense counsel, Sanchez chose to stipulate to both enhancement paragraphs by pleading true.[56]

The state habeas corpus court found that counsel's affidavit was "credible" and that Sanchez was aware that the prosecutor would have to prove the enhancement allegations if he chose to plead "not true."[57] The state habeas corpus court found further that Sanchez executed a stipulation (State's Exhibit 16) regarding the enhancement allegations and several other prior convictions.[58] When questioned by the trial court at the start of the punishment proceeding, Sanchez confirmed that he had reviewed the stipulation with his counsel and understood that he was relieving the prosecutor of her burden to prove each of the offenses by agreeing to stipulate.[59] Based on the trial record and counsel's affidavit, the state habeas corpus court concluded that Sanchez's plea of true

---

[55]Id.

[56]Id.

[57]Findings and Conclusions, Docket Entry No. 15-27, p. 9 ¶ 14.

[58]Id. ¶ 16.

[59]Id. ¶ 19.

to the enhancement allegations was "freely and voluntarily" made with knowledge of its consequences and that Sanchez failed to demonstrate that his counsel was ineffective.[60]

Credibility findings, such as those made by the state habeas corpus court with respect to defense counsel's affidavit, are entitled to substantial deference on federal habeas review. See Coleman v. Quarterman, 456 F.3d 537, 541 (5th Cir. 2006) (citing Guidry v. Dretke, 397 F.3d 306, 326 (5th Cir. 2005)). In that respect, the state court's factual findings and credibility determinations are presumed correct for purposes of federal habeas corpus review unless they are rebutted with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Valdez v. Cockrell, 274 F.3d 941, 947 (5th Cir. 2001). The state habeas corpus court's findings are supported by the trial transcript, which confirms that Sanchez acknowledged in open court at the start of the punishment proceeding that he reviewed the stipulation with his counsel and understood the consequences.[61] A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977).

Sanchez does not attempt to show that the enhancement allegations were invalid for purposes of increasing his punishment under the Texas habitual offender statute or that his counsel was

---

[60]Id. at 9 ¶ 20, 14 ¶ 3.

[61]Court Reporter's Record—Punishment Phase, vol. 4, Docket Entry No. 15-17, p. 7.

deficient for failing to investigate his prior convictions. His conclusory allegations do not demonstrate deficient performance or actual prejudice. See Lincecum v. Collins, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support his claim that counsel was ineffective for failing to investigate and present evidence). Given that the prior judgments against him were entered into the record in support of the stipulation,[62] he further fails to show that there was a reasonable probability that he would have pled not true, but for his counsel's advice. See Joseph, 838 F.2d at 791 (noting that "prior convictions are facts 'of the kind that generally can be clearly proved with relative ease [even] absent admission'") (quoting Buckley v. Butler, 825 F.2d 895, 904 (5th Cir. 1987)). Because Sanchez does not show that the state habeas corpus court's conclusion was unreasonable, he is not entitled to relief on this claim.

## B. Ineffective Assistance of Appellate Counsel

Sanchez contends that he is entitled to relief because his appellate counsel failed to raise several issues during his direct appeal.[63] The state habeas corpus court rejected this claim,

_____

[62]Court Reporter's Record—Exhibits, vol. 5, States Exhibits 6 through 15, Docket Entry No. 15-18, pp. 11-18, 21-61.

[63]Petition, Docket Entry No. 1, p. 7; Petitioner's Memorandum, Docket Entry No. 2, pp. 4-5.

-22-

concluding that Sanchez failed to show that his appellate counsel's representation "fell below an objective standard of reasonableness and that, but for counsel's alleged deficiencies, there is a reasonable probability that the result of the proceeding would have been different."[64]

To establish that counsel's performance was deficient in the context of an appeal, the petitioner must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. Smith v. Robbins, 120 S. Ct. 746, 764 (2000). If the petitioner succeeds in such a showing, he must then establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." Id.

Appellate counsel is not deficient for failing to raise every non-frivolous issue. See Ries v. Quarterman, 522 F.3d 517, 531-32 (5th Cir. 2008); Schaetzle v. Cockrell, 343 F.3d 440, 445 (5th Cir. 2003). Appellate counsel will only be considered deficient for failing to "research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." Higgins v. Cain, 720 F.3d 255, 265 (5th Cir. 2013) (internal citation marks and quotation omitted). "Solid, meritorious arguments based on

---

[64]Findings and Conclusions, Docket Entry No. 15-27, pp. 16-17 ¶ 13 (citing Ex parte Butler, 884 S.W.2d 782, 783 (Tex. Crim. App. 1994) (applying the Strickland standard to appellate counsel)).

directly controlling precedent should be brought to the [appellate] court's attention." Id.

### 1. Failure to Raise Insufficiency of the Evidence

Sanchez claims that his appellate counsel was ineffective for failing to raise a challenge to the sufficiency of the evidence presented at trial to prove the stolen car's value under Jackson v. Virginia, 99 S. Ct. 2781 (1979).[65] A challenge to the sufficiency of the evidence supporting a conviction under the Jackson standard requires that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 99 S. Ct. at 2789 (emphasis in original).

The state habeas corpus court rejected this claim, noting that the sufficiency of the evidence was raised during Sanchez's direct appeal.[66] The record confirms that appellate counsel raised a challenge to the sufficiency of the evidence under the standard set forth in Jackson,[67] and that the court of appeals rejected this argument in a published opinion. See Sanchez v. State, 521 S.W.3d 817, 819 (Tex. App. — Houston [1st Dist.] 2017) (pet. ref'd)

---

[65]Petition, Docket Entry No. 1, p. 7; Petitioner's Memorandum, Docket Entry No. 2, p. 4.

[66]Findings and Conclusions, Docket Entry No. 15-27, p. 14 ¶ 55.

[67]Brief for Appellant, Docket Entry No. 15-7, pp. 7, 14.

(Applying "the standard for sufficiency of the evidence articulated in <u>Jackson v. Virginia,</u> 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979).").[68]

Although Sanchez appears to fault his counsel for challenging the legal sufficiency of the evidence without raising a separate issue regarding the factual sufficiency of the evidence,[69] Texas courts apply the standard of review found in <u>Jackson</u> to both types of challenges.  <u>See Brooks v. State,</u> 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (rejecting a separate standard for factual-sufficiency challenges and holding that the standard for legal sufficiency found in <u>Jackson</u> is "the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt").  As a result, Sanchez fails to show that his appellate counsel was deficient or that the state habeas corpus court's decision was unreasonable.  Therefore, he is not entitled to relief on this claim.

2. <u>Failure to Raise Prosecutorial Misconduct</u>

Sanchez contends that his appellate counsel was deficient for failing to argue that the State engaged in prosecutorial misconduct

---

[68]Opinion, Docket Entry No. 15-3, p. 2.

[69]Petitioner's Traverse, Docket Entry No. 16, p. 10.

by improperly bolstering a witness during closing argument.[70] The state habeas corpus court summarily rejected this claim, noting that the "crux" of this argument was made in connection with several unsuccessful ineffective-assistance claims that Sanchez raised directly against his trial counsel.[71] As noted above, Sanchez has failed to show that the State engaged in prosecutorial misconduct by bolstering a witness or that his trial counsel was deficient for failing to make an objection during the prosecutor's closing argument. Because he fails to otherwise show that appellate counsel overlooked a meritorious claim, he does not demonstrate that the state habeas corpus court's conclusion was unreasonable and he is not entitled to relief on this issue.

### 3. Failure to Raise Ineffectiveness of Trial Counsel

Finally, Sanchez contends that his appellate counsel was deficient for failing to raise an issue regarding his trial counsel's ineffectiveness for failing to make an opening statement and for advising him to plead true to the enhancement allegations.[72] These claims were also among those rejected by the state habeas corpus court because the crux of Sanchez's arguments were raised directly as ineffective-assistance allegations against his trial

---

[70]Petition, Docket Entry No. 1, p. 7; Petitioner's Memorandum, Docket Entry No. 2, p. 4.

[71]Findings and Conclusions, Docket Entry No. 15-27, pp. 13-14.

[72]Petition, Docket Entry No. 1, p. 7; Petitioner's Memorandum, Docket Entry No. 2, pp. 4-5.

counsel.[73] Because Sanchez has not demonstrated that his trial
counsel was deficient in any respect, he does not show that
appellate counsel was remiss for not raising an ineffective-
assistance claim on direct appeal. Therefore, Sanchez does not
show that the state habeas court unreasonably denied this claim or
that he is entitled to relief. Because Sanchez has not shown that
any of his claims have merit, his Petition will be denied and this
case will be dismissed.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a
district court to issue or deny a certificate of appealability when
entering a final order that is adverse to the petitioner. A
certificate of appealability will not issue unless the petitioner
makes "a substantial showing of the denial of a constitutional
right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to
demonstrate "that 'reasonable jurists would find the district
court's assessment of the constitutional claims debatable or
wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting
Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the
controlling standard this requires a petitioner to show that
"jurists of reason could disagree with the [reviewing] court's
resolution of his constitutional claims or that jurists could
conclude the issues presented are adequate to deserve encouragement

---

[73]Findings and Conclusions, Docket Entry No. 15-27, pp. 13-14.

to proceed further." <u>Buck,</u> 137 S. Ct. at 773 (citation and internal quotation marks omitted).

After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not demonstrate that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.   Conclusion and Order

The court **ORDERS** as follows:

1.   Respondent Lumpkin's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**.

2.   The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Juan Ismael Sanchez (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 26th day of May, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE